[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action to foreclose a mechanic's lien. The defendant has filed give special defenses including a defense of violation or the Connecticut Home Improvement Act, Connecticut General Statutes Section 20-148 et seq., which defense is dispositive of the complaint.
Section 20-429(a) provides in relevant part that "[n]o home improvement contract shall be valid or enforceable against an owner unless it — (8) is entered into by a registered salesman or registered contractor."
The parties entered an oral agreement for the plaintiff to clear brush from a pasture, to grade a portion of the CT Page 33 property and to spread a pile of horse manure. (The defendant keeps horses on her property for private non-commercial use). The property has been established to be residential.
After work had commenced the parties disagreed as to the contract price with the plaintiff claiming they agreed to a payment of $2800.00 for the work to be done and the defendant claiming the quote was $1700.00 "at most."
The plaintiff was not registered as a home improvement contractor at the time the work was performed.
The services the plaintiff performed fall within those services covered by the Home Improvement Act, which include "the — improvement — to any land — used as a private residence or dwelling place — or construction, — improvement [and] — landscaping," Connecticut General Statutes Sections20-419(4).
The clearing, grading and the spreading of a manure pile fall within the parameters of the H.I.A. It is clear that an unregistered contractor cannot recover for home improvement services rendered, see Barrett Builders v. Miller, 215 Conn. 316. (1990).
Accordingly, judgment shall enter for the defendant on the complaint and the mechanic's lien is ordered discharged.
The defendant has filed a counterclaim claiming the plaintiff damaged a stone wall and foundation to her home during the course of his work.
The defendant has the burden of proving her claim. The Court does not find she has done so. The plaintiff denies hitting the house or the wall along the driveway. He testified that the wall had some damage before he arrived and that the defendant did not complain about any such damage until they got into a dispute over the contract price. In any event the defendant deducted for any claimed damages when, she sent a check to the plaintiff in the amount of $205.00 for the work he had done. The defendant has likewise failed to carry her burden of proof that the plaintiff's work was not completed in a workmanlike manner. Accordingly, the Court finds for the plaintiff on Counts 1, 2 and 3 of the CT Page 34 Counterclaim.
As to Count 4 of the Counterclaim which claims that the filing of the mechanic's lien by the plaintiff was, in itself, a violation of the Connecticut Unfair Trade Practices Act, Connecticut General Statutes Sections 42-110b et seq., the Court disagrees. It is noted that the defendant's motion for summary judgment was denied because a factual issue existed as to whether the Home Improvement Statute would apply to landscaping around the horse barn. Since there are Superior Court decisions holding that a horse barn is not a home improvement, the filing of a lien for landscaping near a horse barn is not so egregious as to constitute an unfair trade practice. Nor is the notice that "1 1/2 percent interest per month will be charged on unpaid balance" at the bottom of the plaintiff's statement to the defendant, such an unethical or unscrupulous act to constitute a violation. Accordingly, judgment for the plaintiff on the 4th Count of the Counterclaim.
As to the 5th Count of the Counterclaim, the relief sought (discharge of the lien) was hereinbefore ordered.
Counsel fees are not awarded under the circumstances of this case.
In summary, judgment for the defendant on the Complaint and the mechanic's lien is discharged. Judgment for the plaintiff on each Count of the Counterclaim.
BY THE COURT,
Lawrence C. Klaczak Judge, Superior Court CT Page 35